## Hays *v.* Carter, Appellant.

*Contract—Compensation for sale of real estate—Case for jury.*

Where a plaintiff makes out a prima facie case, in substantial accord with the allegations of his statement of claim, he is entitled to go to the jury, and if a verdict and judgment goes for him, the defendant cannot request the appellate court to review the testimony and to determine from al¹ of it whether the judgment should stand.

Argued Oct. 27, 1909. Appeal, No. 170, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 955, on verdict for plaintiff in case of Milton D. Hays v. Robert A. Carter. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover compensation for sale of real estate. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,773.52. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. M. Neeper*, for appellant.

*Henry A. Davis*, for appellee.

PER CURIAM, January 3, 1910:

The plaintiff alleged in his statement of claim that he was employed to purchase a rolling mill for the defendant, and was to receive for his services a sum agreed upon. At the trial there were two questions of fact: (1) Whether a contract had been made as alleged: (2) whether at the time the plaintiff was engaged in the real estate business, in which event, not having paid a license, he could not recover. There was a conflict in the testimony as to the terms of the contract, and the

argument for the appellant is in effect a request that we review the testimony and determine from all of it whether the judgment should stand. It is not the province of an appellate court to do this. The plaintiff's testimony made out a case in substantial accord with the allegations of his statement of claim. He was entitled to go to the jury, and the case was properly submitted.

The judgment is affirmed.